UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

SANTAEZE MURRY BRASSFIELD,

        Petitioner,         Case No. 2:16-cv-281

v.        Honorable Gordon J. Quist

SHANE PLACE,

        Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

## Factual Allegations

Petitioner, Santaeze Murry Brassfield, presently is incarcerated at the Baraga Maximum Correctional Facility. An Oakland County jury convicted Petitioner of armed robbery, MICH. COMP. LAWS § 750.529, and of possessing a firearm during the commission of a felony,

MICH. COMP. LAWS § 750.227b. On February 27, 2014, the trial court sentenced Petitioner as a fourth-offense felony offender, MICH. COMP. LAWS § 769.12, to imprisonment for 35 to 99 years on the armed-robbery conviction and 2 years on the felony-firearm conviction.

Petitioner, through counsel, appealed his convictions to the Michigan Court of Appeals, raising the following four issues:

   I.   THE TRIAL COURT ABUSED ITS DISCRETION IN EXCEEDING GUIDELINES BY FIVE YEARS[.]

   II.  [PETITIONER'S] TRIAL WAS FUNDAMENTALLY UNFAIR, IN VIOLATION OF HIS STATE AND FEDERAL DUE PROCESS [R]IGHT TO A FAIR TRIAL, WHERE DEPUTY ROSE WAS ALLOWED TO TESTIFY WITH REGARD TO AN ALLEGED COMMENT MADE BY [PETITIONER] TO MR. THOMAS AFTER HE HAD TESTIFIED WITH REGARD TO [PETITIONER'S] ROLE IN THE OFFENSE. IN THE ALTERNATIVE, TRIAL COUNSEL PROVIDED CONSTITUTIONALLY INEFFECTIVE ASSISTANCE IN VIOLATION OF THE UNITED STATES AND MICHIGAN CONSTITUTIONS BY FAILING TO OBJECT TO MR. THOMAS'S TESTIMONY REGARDING THE ALLEGED THREAT.

   III. THE TRIAL COURT VIOLATED [PETITIONER'S] DUE PROCESS RIGHTS AT SENTENCING BY MIS-SCORING OFFENSE VARIABLES 14 AND 19 OF THE SENTENCING GUIDELINES.

   IV.  JUDICIAL FACTFINDING AT SENTENCING BASED ON LESS THAN PROOF BEYOND A REASONABLE DOUBT VIOLATED [PETITIONER'S] FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS.

(Attach. A to Pet., ECF No. 1-1, PageID.8.) Petitioner filed a supplemental pro per brief on appeal, raising one additional issue:

   [V]. [PETITIONER] WAS DENIED HIS STATE AND FEDERAL CONSTITUTIONAL RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL, WHERE TRIAL COUNSEL FAILED TO REQUEST A CAUTIONARY INSTRUCTION ON THE UNRELIABILITY OF ACCOMPLICE TESTIMONY WITH REGARD TO LAWRENCE J. THOMAS.

(*Id.*) In an unpublished opinion issued on September 22, 2015, the court of appeals rejected all appellate grounds and affirmed the convictions. *See People v. Brassfield*, No. 321935, 2015 WL 5569657 (Mich. Ct. App. Sept. 22, 2015). Petitioner sought leave to appeal to the Michigan Supreme Court, raising the same five issues. (Attach. B to Pet., ECF No. 1-1, PageID.60.) The supreme court denied leave to appeal on March 29, 2016. (3/29/16 Mich. Sup. Ct. Ord., ECF No. 1-1, PageID.79.)

In his timely habeas application, Petitioner raises the following four issues:

I. PETITIONER BRASSFIELD IS ENTITLED TO A WRIT OF HABEAS CORPUS PURSUANT TO 2254 WHERE THE STATE COURT'S DENIAL OF HIS CLAIM THAT JUDICIAL FACTFINDING BASED ON LESS THAN PROOF BEYOND A REASONABLE DOUBT THAT RAISED HIS MANDATORY MINIMUM SENTENCE IS A DECISION THAT IS CONTRARY TO THE DICTATES OF THE *ALLEYNE* RULE.

II. PETITIONER BRASSFIELD IS ENTITLED TO A WRIT OF HABEAS CORPUS PURSUANT TO 2254 WHERE THE STATE COURT[']S DENIAL OF HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS A DECISION THAT IS CONTRARY TO *STRICKLAND V. WASHINGTON* WHERE COUNSEL FAILED TO REQUEST A CAUTIONARY INSTRUCTION ON THE UNRELIABILITY OF ACCOMPLICE TESTIMONY.

III. PETITIONER BRASSFIELD IS ENTITLED TO A WRIT OF HABEAS CORPUS PURSUANT TO 2254 WHERE THE STATE COURT[']S DENIAL OF HIS CLAIM OF ALLOWANCE OF HIGHLY PREJUDICIAL, INADMISSIBLE TESTIMONY VIOLATED HIS CONSTITUTIONAL DUE PROCESS RIGHTS, AND WHERE THE STATE COURT[']S DENIAL OF HIS INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM IS CONTRARY TO *STRICKLAND V WASHINGTON* WHERE COUNSEL FAILED TO OBJECT TO SAID INADMISSIBLE TESTIMONY.

IV. PETITIONER [BRASSFIELD] IS ENTITLED TO A WRIT OF HABEAS CORPUS PURSUANT TO 2254 WHERE THE STATE COURT[']S DENIAL OF HIS CLAIM OF THE INCORRECT SCORING OF HIS SENTENCING GUIDELINES IS CONTRARY TO THE DICTATES OF *TOWNSEND V. BURKE*.

**Standard of Review**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, PUB. L. 104-132, 110 STAT. 1214 (AEDPA). *See Penry v. Johnson*, 532 U.S. 782, 792 (2001). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). The AEDPA has "drastically changed" the nature of habeas review. *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation marks omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the "clearly established" holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 132 S. Ct. 38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-

court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 132 S. Ct. at 44).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 2015 WL 1400852, at *3 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1705 (2014) (quotations marks omitted).

Where the state appellate court has issued a summary affirmance, it is strongly presumed to have been made on the merits, and a federal court cannot grant relief unless the state court's result is not in keeping with the strictures of the AEDPA. *See Harrington*, 562 U.S. at 99; *see also Johnson v. Williams*, 133 S. Ct. 1088, 1094 (2013); *Werth v. Bell*, 692 F.3d 486, 494 (6th Cir. 2012) (applying *Harrington* and holding that a summary denial of leave to appeal by a Michigan appellate court is considered a decision on the merits entitled to AEDPA deference). The presumption, however, is not irrebuttable. *Johnson*, 133 S. Ct. at 1096. Where other circumstances indicate that the state court has not addressed the merits of a claim, the court conducts *de novo* review. *See id.* (recognizing that, among other things, if the state court only decided the issue based on a state standard different from the federal standard, the presumption arguably might be

overcome); *see also Harrington*, 562 U.S. at 99-100 (noting that the presumption that the state-court's decision was on the merits "may be overcome when there is reason to think some other explanation for the state court's decision is more likely"); *Wiggins v. Smith*, 539 U.S. 510, 534 (2003) (reviewing habeas issue *de novo* where state courts had not reached the question).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989). Applying the foregoing standards under the AEDPA, I find that Petitioner is not entitled to relief.

**Discussion**

    I.    <u>Improper Judicial Factfinding in Violation of *Alleyne*</u>

Petitioner's first ground for habeas relief parallels his fourth issue on appeal in the Michigan courts. Petitioner argues that the trial judge violated his Sixth Amendment right to a trial by jury by using, to enhance his sentence, facts that had not been admitted by Petitioner or found by a jury beyond a reasonable doubt. He contends that the trial court's factfinding under the Michigan sentencing guidelines violated the United States Supreme Court holding in *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013).

Petitioner's argument arises out of a line of cases beginning with *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and ending with *Alleyne v. United States*, 570 U.S. ___, 133 S. Ct. 2151 (2013). In *Apprendi*, the Supreme Court held that, "[o]ther than the fact of a prior conviction,

any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. *Apprendi* enunciated a new rule of Sixth Amendment jurisprudence. In the subsequent case of *Blakely v. Washington*, 542 U.S. 296 (2004), the Court applied the rule of *Apprendi* to the State of Washington's mandatory sentencing guideline scheme, under which the maximum penalty could be increased by judicial fact-finding. The *Blakely* Court held that the state guideline scheme violated Sixth Amendment rights, and reiterated the rule that any fact that increased the maximum sentence must be "admitted by the defendant or proved to a jury beyond a reasonable doubt." *See United States v. Booker*, 543 U.S. 220, 232 (citing *Blakely*, 542 U.S. at 303) (applying the reasoning of *Blakely* to find the mandatory federal sentencing guidelines unconstitutional).

Unlike the State of Washington's determinate sentencing system at issue in *Blakely* and the federal sentencing guidelines at issue in *Booker*, the State of Michigan has an indeterminate sentencing system in which the defendant is given a sentence with a minimum and a maximum term. The maximum sentence is not determined by the trial judge, but is set by law. *See People v. Drohan,* 715 N.W.2d 778, 789-91 (Mich. 2006) (citing MICH. COMP. LAWS § 769.8). Only the minimum sentence is based on the applicable sentencing guideline range. *Id.*; *see also People v. Babcock*, 666 N.W.2d 231, 236 n.7 (Mich. 2003) (citing MICH. COMP. LAWS § 769.34(2)). The Sixth Circuit authoritatively has held that the Michigan indeterminate sentencing system does not run afoul of *Blakely*. *See Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009) (affirming district court's dismissal of a prisoner's claim under *Blakely v. Washington* because it does not apply to Michigan's indeterminate sentencing scheme); *Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007).

Subsequently, in *Alleyne*, 133 S. Ct. 2151, the Supreme Court held that the *Apprendi-Blakely* line of cases applies equally to mandatory minimum sentences. Shortly thereafter, the Michigan Court of Appeals concluded that *Alleyne* only prohibited judicial factfinding used to determine a mandatory minimum sentence, but *Alleyne* had no impact on judicial factfinding in scoring the Michigan sentencing guidelines to produce a minimum range for an indeterminate sentence, the maximum of which is set by law. *See People v. Herron*, 845 N.W.2d 533, 539 (Mich. App. 2013). The Sixth Circuit also concluded that *Alleyne* did not decide the question of whether judicial factfinding under Michigan's indeterminate sentencing scheme violated the Sixth Amendment. *See Kittka v. Franks*, 539 F. App'x 668, 673 (6th Cir. 2013). As a consequence, the Sixth Circuit held, the question is not a matter of clearly established Supreme Court precedent. *Id.* (citing *Montes v. Trombley*, 599 F.3d 490, 498 (6th Cir. 2010)); *see also Saccoccia v. Farley*, 573 F. App'x 483, 485 (6th Cir. 2014) ("But *Alleyne* held only that 'facts that increase a mandatory *statutory* minimum [are] part of the substantive offense.' . . . It said nothing about guidelines sentencing factors . . . .") (quoting *Alleyne*, 133 S. Ct. at 2161 (emphasis added)).

Recently, however, in *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), in a 5-2 decision, the Michigan Supreme Court held to the contrary. The court reasoned that, because the "guidelines *require* judicial fact-finding beyond facts admitted by the defendant or found by the jury to score offense variables (OVs) that *mandatorily* increase the floor of the guidelines minimum sentence range," they increase the "mandatory minimum" sentence under *Alleyne*. *Lockridge*, 870 N.W.2d at 506 (emphasis in original). As a consequence, the *Lockridge* court held that the mandatory application of Michigan's sentencing guidelines was unconstitutional, and the remedy was to make them advisory only. *Id.* at 520-21.

The Michigan Supreme Court's decision in *Lockridge* does not render the result "clearly established" for purposes of habeas review. This Court may consider only the "clearly established" holdings of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey*, 271 F.3d at 655. In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 135 S. Ct. 1, 3 (2014); *Bailey*, 271 F.3d at 655. For the same reasons, it may not consider the holdings of the state courts. Instead, this Court may only grant relief on habeas review if the state court's application of clearly established federal law is "objectively unreasonable." *Id.* at 410. "[R]elief is available under § 2254(d)(1)'s unreasonable-application clause if, and only if, it is so obvious that a clearly established rule applies to a given set of facts that there could be no 'fairminded disagreement' on the question." *White v. Woodall*, 572 U.S. ___, 134 S. Ct. 1697, 1706-07 (2014) (quoting *Harrington*, 562 U.S. at 103).

As is apparent from the reasoned decisions of the Michigan Court of Appeals in *Herron*, 845 N.W.2d at 539, and the Sixth Circuit in *Kittka*, 539 F. App'x at 673, and *Saccoccia*, 573 F. App'x at 485, as well as the decision of the dissenting justices in *Lockridge* itself, reasonable jurists could and did disagree about whether *Alleyne* applied to the calculation of Michigan's minimum sentencing guidelines. *Alleyne* therefore did not clearly establish the unconstitutionality of the Michigan sentencing scheme. As a result, Petitioner's minimum sentence under the Michigan guidelines did not violate clearly established Supreme Court precedent.

II.     Ineffective Assistance of Counsel in Not Requesting Jury Instruction

Petitioner's second ground for habeas relief is identical to the fifth issue he presented to the Michigan appellate courts. He asserts that his attorney rendered ineffective assistance of

counsel when he failed to move for a cautionary jury instruction on the unreliability of accomplice testimony.

In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. Moreover, as the Supreme Court repeatedly has recognized, when a federal court reviews a state court's application of *Strickland* under § 2254(d), the deferential standard of *Strickland* is "doubly" deferential. *Harrington v. Richter*, 562 U.S. 86, 105 (2011) (citing *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)); *see also Burt v. Titlow*, 134 S. Ct. 10, 13 (2013); *Cullen v. Pinholster*, 131 S. Ct. 1388, 1403 (2011); *Premo v. Moore*, 562 U.S. 115, 122 (2011). In those circumstances, the question before the habeas court is "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.*; *Jackson v.*

*Houk*, 687 F.3d 723, 740-41 (6th Cir. 2012) (stating that the "Supreme Court has recently again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA . . . .") (citing *Harrington*, 562 U.S. at 102).

Applying the *Strickland* standard,[1] the Michigan Court of Appeals resolved the issue as follows:

> Finally, defendant argues in his Standard 4 brief that his attorney was ineffective for failing to request a cautionary jury instruction regarding accomplice testimony. We disagree. To establish an ineffective assistance of counsel claim, the defendant must prove that his attorney failed to meet an objective standard of reasonableness and a reasonable probability exists that, but for counsel's unprofessional errors, the result of the proceeding would have been different. See *People v Lopez*, 305 Mich App 686, 694; 854 NW2d 205 (2014) (citation omitted).
>
> In *People v Young*, 472 Mich 130, 135; 693 NW2d 801 (2005), our Supreme Court recognized that "the decision whether to give a cautionary accomplice instruction falls within the trial court's sound discretion." In this case, the record shows that the trial court gave a long and thorough instruction regarding accomplice testimony at the conclusion of the trial. That is, the jurors were properly instructed regarding accomplice testimony and jurors are presumed to follow the court's instructions. See *People v Mahone*, 294 Mich App 208, 212; 816 NW2d 436 (2011). Accordingly, defendant has failed to establish his ineffective assistance of counsel claim. See *Lopez*, 305 Mich App at 694.

*People v. Brassfield*, No. 321935, 2015 WL 5569657, at *5 (Mich. App. Sept. 22, 2015). The court of appeals' determination that the jury was properly instructed is binding on this Court. The Sixth Circuit repeatedly has recognized "'that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.'" *Stumpf v. Robinson*, 722 F.3d 739, 746 n.6 (6th Cir. 2013) (quoting *Bradshaw*, 546 U.S. at 76). Moreover, the court of appeals' finding the trial court actually gave a thorough instruction regarding accomplice testimony is a factual finding that is presumed correct. 28 U.S.C. §

---

[1]Although the Michigan Court of Appeals did not cite federal law, the case it cited, *People v. Lopez*, 854 N.W.2d 205, 211 (Mich. Ct. App. 2014), relied upon *Strickland* and recited *Strickland*'s two-prong test. Moreover, the standard set forth in the court of appeals' decision is functionally identical to the standard set forth in *Strickland*.

2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656; *see also Sumner*, 449 U.S. at 546. In order to overcome the presumption of correctness, a petitioner must rebut the finding by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656.

Petitioner has made no attempt to rebut the finding. Instead, he simply declares that his trial attorney did not request such an instruction. Regardless of whether counsel requested the instruction, the Michigan Court of Appeals found that a proper accomplice instruction was given. As a result, even if trial counsel performed inadequately in failing to request the instruction, any error could not have prejudiced Petitioner, as he received the instructions to which he was entitled. In sum, the court of appeals' determination was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of clearly established Supreme Court precedent.

### III.     Improper Admission of Evidence

Petitioner claims that the trial court improperly admitted evidence that was not relevant and that was highly prejudicial, in violation of state evidence rules and the Due Process Clause. He does not specifically argue the substance of his claim in the petition. However, the Court assumes that Petitioner intends to raise the same arguments he presented in his brief on appeal to the Michigan Court of Appeals. Based on those arguments, Petitioner complains that he was deprived of a fair trial by the trial court's admission of inadmissible, prejudicial testimony from Mr. Thomas, his accomplice in crime, and Deputy Rose. Mr. Thomas testified on redirect examination that Petitioner called to him as he walked past Petitioner's cell following the end of the prior day of trial, saying "'my whole family goin' to get it.'" (Def.-Appellant's Br. on Appeal, ECF No. 1-1, PageID.16 (quoting Trial Tr. II, 44).) When asked what he understood from the statement, Thomas replied, "He was goin' to send somebody to kill 'em." (*Id.*) Deputy Rose apparently testified that

he overheard Petitioner say to Mr. Thomas, "one phone call would get 'your whole family touched.'" (*Id.* (quoting Trial Tr. 2, 56).) Trial counsel did not object to the introduction of Mr. Thomas's statement, but argued that Deputy Rose's statement should not be admitted because it was cumulative. Petitioner argues that, because the alleged threat occurred after Mr. Thomas had testified on direct examination, it could not amount to witness intimidation and therefore was not relevant to the case. Instead, he argues, the testimony was highly prejudicial, because it suggested to the jury Petitioner intended to kill Mr. Thomas' whole family. Petitioner claims that the introduction of the evidence violated his right to due process and a fair trial. To the extent that trial counsel failed to object or objected on the wrong grounds, Petitioner contends that counsel rendered ineffective assistance.

The extraordinary remedy of habeas corpus lies only for a violation of the Constitution. 28 U.S.C. § 2254(a). As the Supreme Court explained in *Estelle v. McGuire*, 502 U.S. 62 (1991), an inquiry whether evidence was properly admitted or improperly excluded under state law "is no part of the federal court's habeas review of a state conviction [for] it is not the province of a federal habeas court to re-examine state-court determinations on state-law questions." *Id.* at 67-68. Rather, "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. State-court evidentiary rulings cannot rise to the level of due process violations unless they offend some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental. *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000) (quotation omitted); *accord Coleman v. Mitchell*, 268 F.3d 417, 439 (6th Cir. 2001); *Bugh v. Mitchell*, 329 F.3d 496, 512 (6th Cir. 2003). This approach accords the state courts wide latitude in ruling on evidentiary matters. *Seymour*, 224 F.3d at 552 (6th Cir. 2000).

Further, under the AEDPA, the court may not grant relief if it would have decided the evidentiary question differently. The court may only grant relief if Petitioner is able to show that the state court's evidentiary ruling was in conflict with a decision reached by the Supreme Court on a question of law or if the state court decided the evidentiary issue differently than the Supreme Court did on a set of materially indistinguishable facts. *Sanders v. Freeman*, 221 F.3d 846, 860 (6th Cir. 2000). Petitioner has not met this difficult standard.

The Michigan Court of Appeals addressed the issue as follows:

This Court has recognized that evidentiary issues fall within the category of nonconstitutional claims. *People v. Herndon*, 246 Mich. App 371, 402 n.71; 633 NW2d 376 (2001), citing *People v. Lukity*, 460 Mich. 484, 494–495; 596 NW2d 607 (1999). We review a trial court's decision to admit or exclude evidence for an abuse of discretion and will reverse only where there is a showing of a clear abuse of discretion. *People v. McCray*, 245 Mich. App 631, 634-635; 630 NW2d 633 (2001). With regard to claims of preserved, nonconstitutional error, MCL 769.26 "places the burden on the defendant to demonstrate that 'after an examination of the entire cause, it shall affirmatively appear that the error asserted has resulted in a miscarriage of justice.'" *Lukity*, 460 Mich. at 495 (citation omitted).

Defendant argues that, although a defendant's threat to a witness can be admissible to show consciousness of guilt, such evidence is limited to cases where the threat was made directly and overtly to a witness. And in this case, defendant argues, there was no showing of a direct threat against Thomas. But, as explained by our Supreme Court in *People v. Sholl*, 453 Mich. 730, 740; 556 NW2d 851 (1996): "A defendant's threat against a witness is generally admissible. It is conduct that can demonstrate consciousness of guilt . . . [or] in some instances simply reflect the understandable exasperation of a person accused of a crime that the person did not commit. However, it is for the jury to determine the significance of a threat in conjunction with its consideration of the other testimony produced in the case." See also *People v. Schaw*, 288 Mich.App 231, 237-238; 791 NW2d 743 (2010).

Further, to the extent defendant claims that Deputy Rose's testimony about the threat was unduly prejudicial contrary to MRE 403, we disagree. Thomas had already testified about the occurrence and defense counsel vigorously cross-examined Thomas to bring forth evidence that the threat was made in the presence of uniformed officers in an effort to downplay the seriousness of the threat. Defense counsel also had the opportunity to put the same line of questioning to Deputy Rose in an effort to minimize the gravity of the incident. In summary, defendant has not met his burden of establishing outcome-determinative error with regard to this evidentiary challenge. See *Lukity*, 460 Mich. at 495.

*Brassfield*, 2015 WL 5569657, at*4. The court of appeals thus rejected Petitioner's claim that Michigan law limited the admission of threats against witnesses solely to those circumstances in which the threat was made to harm the witness himself and to prevent a witness' testimony. That determination is binding on this Court sitting on habeas review. *See Stumpf*, 722 F.3d at 746 n.6 (quoting *Bradshaw*, 546 U.S. at 76).

Moreover, the United States Supreme Court has never suggested or held that the admission of threats against witnesses may violate due process. As a consequence, the admission of the evidence was neither contrary to nor an unreasonable application of Supreme Court precedent.

Finally, to the extent that Petitioner argues that his attorney should have objected to the admission of Mr. Thomas' testimony, he cannot meet the two-pronged *Strickland* standard. 466 U.S. 689-90. As the court of appeals held in rejecting the claim, because the evidence was properly admitted at trial, counsel was not ineffective in electing not to object:

> Defendant next argues that his counsel was constitutionally defective for failing to object to Thomas's testimony that defendant threatened him after his direct testimony. But, as discussed above, "[a] defendant's threat against a witness is generally admissible." *Sholl*, 453 Mich. at 740. And defense counsel is not required to make meritless or frivolous objections. *People v. Knapp*, 244 Mich.App 361, 386; 624 NW2d 227 (2001).

*Brassfield*, 2015 WL 5569657, at*5. The federal courts have routinely agreed with the state court's reasoning. An attorney's failure to make a frivolous or meritless motion does not constitute ineffective assistance of counsel. *See Smith v. Bradshaw*, 591 F.3d 517, 523 (6th Cir. 2010); *O'Hara v. Brigano*, 499 F.3d 492, 506 (6th Cir. 2007); *Chegwidden v. Kapture*, 92 F. App'x 309, 311 (6th Cir. 2004); *Harris v. United States*, 204 F.3d 681, 683 (6th Cir. 2000).

    IV.    <u>Incorrect Sentence Scoring</u>

In his final ground for habeas relief, Petitioner argues that the trial court erred in scoring Offense Variable (OV) 14 and OV 19, in violation of state law and the Due Process Clause.

Petitioner complains that he should have not been scored ten points under OV 14, because he was not "a leader in a multiple offender situation[,]" but was instead a mere accomplice. MICH. COMP. LAWS § 777.44(1)(a). In addition, he asserts that he should not have been scored 15 points under OV 19, because the evidence did not support a finding that he "used force or the threat of force against another person . . . to interfere with, attempt to interfere with, or that results in the interference with the administration of justice . . . ." MICH. COMP. LAWS § 777.49.

The court of appeals concluded that both variables were properly scored and supported by the evidence:

> When reviewing a sentence under the sentencing guidelines, "the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v. Hardy*, 494 Mich. 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*
>
> Defendant argues that OV 14 was improperly scored at 10 points. MCL 777.44(1)(a) provides that OV 14 should be scored at 10 points if the "offender was a leader in a multiple offender situation." In *People v. Rhodes*, 305 Mich. App 85, 90; 849 NW2d 417 (2014), we noted that Random House Webster's College Dictionary (2001) defined a "leader" as a person that leads and "to lead" generally means to guide, precede, show the way, or direct. In this case, the record showed that it was defendant's idea to commit the robbery and he was the first person out of the vehicle to approach the victim, saying "I'm on him." After the robbery was committed, defendant told Thomas to keep driving in their attempt to flee from the police, threw their guns out of the vehicle, and urged Thomas to run from the police when they abandoned their vehicle. On this record, the trial court did not clearly err in scoring of OV 14 at 10 points.
>
> Defendant also argues that the trial court clearly erred in scoring OV 19 at 15 points because he did not threaten a police officer or someone who "administers justice." MCL 777.49(b) provides for the scoring of 15 points when the offender "used force or the threat of force against another person . . . to interfere with, attempt to interfere with, or that results in the interference with the administration of justice . . . ." Defendant's threat of harm against Thomas's family, made after Thomas's direct testimony and before he was cross-examined, is behavior that is properly scored under OV 19. See *People v. Hershey*, 303 Mich. App 330, 343344; 844 NW2d 127 (2013).

*Brassfield*, 2015 WL 5569657, at **2-3.

-16-

Claims concerning the improper scoring of sentencing guidelines are state-law claims and typically are not cognizable in habeas corpus proceedings. *See Hutto v. Davis*, 454 U.S. 370, 373-74 (1982) (federal courts normally do not review a sentence for a term of years that falls within the limits prescribed by the state legislature); *Austin v. Jackson*, 213 F.3d 298, 301-02 (6th Cir. 2000) (alleged violation of state law with respect to sentencing is not subject to federal habeas relief); *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (the sentencing guidelines establish only rules of state law). There is no constitutional right to individualized sentencing. *Harmelin v. Michigan*, 501 U.S. 957, 995 (1991); *United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995); *see also Lockett v. Ohio*, 438 U.S. 586, 604-05 (1978). Moreover, a criminal defendant has "no federal constitutional right to be sentenced within Michigan's guideline minimum sentence recommendations." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004); *accord Austin v. Jackson*, 213 F.3d 298, 300 (6th Cir. 2000); *Lovely v. Jackson*, 337 F. Supp. 2d 969, 977 (E.D. Mich. 2004); *Thomas v. Foltz*, 654 F. Supp. 105, 106-07 (E.D. Mich. 1987).

Although state law errors generally are not reviewable in a federal habeas proceeding, an alleged sentencing violation "could, potentially, 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003) (quoting *Pulley v. Harris*, 465 U.S. 37, 50 (1984)); *see also Doyle*, 347 F. Supp. 2d at 485 (a habeas court "will not set aside, on allegations of unfairness or an abuse of discretion, terms of a sentence that is within state statutory limits unless the sentence is so disproportionate to the crime as to be completely arbitrary and shocking.") (citation omitted). A sentence may violate due process if it is based upon material "misinformation of constitutional magnitude." *Roberts v. United States,* 445 U.S. 552, 556 (1980)); *see also United States v. Tucker,* 404 U.S. 443, 447 (1972); *Townsend v. Burke,* 334 U.S. 736, 741 (1948). To prevail on such a claim, the petitioner must show (1) that the information before the sentencing court was materially

false, and (2) that the court relied on the false information in imposing the sentence. *Tucker*, 404 U.S. at 447; *United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984). A sentencing court demonstrates actual reliance on misinformation when the court gives "explicit attention" to it, "found[s]" its sentence "at least in part" on it, or gives "specific consideration" to the information before imposing sentence. *Tucker*, 404 U.S. at 447.

Petitioner's sentence clearly is neither arbitrary nor shocking, as it is well within the statutory maximum term. Further, although Petitioner cites *Townsend*, 334 U.S. 736, for the proposition that OV 14 and OV 19 were improperly scored because they rested on inaccurate information, he utterly fails to show that the court's findings were materially false or based on false information. *Tucker*, 404 U.S. at 447. Instead, Petitioner simply argues that the court should have reached a different conclusion. Such claims clearly fall far short of the sort of egregious circumstances implicating due process. Moreover, Petitioner's recitation of Thomas' testimony in his brief on appeal supports the court of appeals' findings that it was Petitioner's idea to rob the victim and that Petitioner was the first one out of the car. It also supports the conclusion that Petitioner threatened Thomas's family after Thomas's direct testimony, but before Thomas had been cross-examined. Indeed, Petitioner's brief describes Thomas being asked about the threat during his testimony on redirect. These admitted facts amply support the state court's findings. In addition, as previously discussed, the factual findings of the state courts, even on appeal, are entitled to a presumption of correctness, which Petitioner has not attempted to overcome with additional evidence, much less clear and convincing evidence. *See* 28 U.S.C. § 2254(e)(1); *Lancaster*, 324 F.3d at 429; *Bailey*, 271 F.3d at 656. The state-court's rejection of Petitioner's claim therefore was not based on an unreasonable determination of the facts and was neither contrary to nor an unreasonable application of established Supreme Court precedent. 28 U.S.C. § 2254(d).

**Conclusion**

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because it fails to raise a meritorious federal claim.

**Certificate of Appealability**

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of New York*, 865 F.2d 44, 46 (2d Cir. 1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at

484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability.

A Judgment and Order consistent with this Opinion will be entered.


Dated:  February 17, 2017                                              /s/ Gordon J. Quist
                                                                        GORDON J. QUIST
                                                                   UNITED STATES DISTRICT JUDGE